UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT COLE, ET AL.,                                       Case No. 03-73872

       Plaintiffs,                                             Honorable Nancy G. Edmunds

v.

ARVINMERITOR, INC., ET AL.,

       Defendants.
_____/

**OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR STAY OF PROCEEDINGS PENDING APPEAL [99]**

The Court has issued preliminary and permanent injunctions in this class action lawsuit for retiree health benefits. This matter is now before the Court on Defendants' motion for a stay of proceedings in the district court pending resolution of their appeal [99]. For the reasons stated below, this Court DENIES Defendants' motion.

**I.  Background and Procedural Facts**

Having presided over this matter for some time, the Court is well-aware of the facts giving rise to this action. Briefly, Plaintiffs consist of class of approximately 2,900 retirees, surviving spouses and other dependents of retirees who worked at Defendants' UAW-represented plants in Michigan, Ohio, Indiana, Illinois, Wisconsin, and Kentucky.[1] Plaintiffs brought this action seeking to preserve health care benefits governed by a series of

---

[1]This Court certified the class on February 9, 2006.

collective bargaining agreements binding Defendants. In March 2003, ArvinMeritor unilaterally modified these retiree health benefits.

Much has been decided in this matter. On December 22, 2005, this Court granted Plaintiffs' motion for a preliminary injunction, requiring that ArvinMeritor's modifications to Plaintiffs' health care benefits be rescinded and prohibiting any further changes pending the Court's decision as to liability. (12/22/05 Order, Docket No. 66.) The parties then filed cross-motions for summary judgment. On August 17, 2006, the Court granted summary judgment in favor of Plaintiffs and against Defendants. (Docket No. 81.) The Court also entered Judgment for Plaintiffs that same day. (Docket No. 82.) As a result, the injunction was made permanent and the Defendants were directed "to reinstate and resume paying the full cost of health benefits" and were enjoined "from cancelling or changing the reinstated health benefits."

That August 17, 2006 Order [81] and Judgment [82] were, at Plaintiffs' request, subsequently vacated on September 13, 2006. (9/13/06 Order, Docket No. 90.) After entry of the August 17, 2006 Order and Judgment, two key disputes arose concerning how the permanent injunction should be implemented: (1) when and how to "make whole" Plaintiff class members; specifically, what procedure should be used to calculate out-of-pocket expenses caused by Defendants' unilateral reduction and cancellation of health care benefits and when Defendants should begin reimbursements; and (2) whether Defendants' obligation to reimburse Plaintiffs for the Medicare Part B premiums requires them to reimburse for a portion of Plaintiffs' total monthly payment (as they currently are) or for the entire Medicare Part B premium (as Plaintiffs' argue). On September 8, 2006, Plaintiffs filed a motion asking this Court to resolve these disputes in light of the parties' earlier

remedies stipulation[2] and implement the permanent injunction [87]. That motion was considered by the Court in a September 13, 2006 telephone conference with the parties.

As discussed in that telephone conference, on September 13, 2006, the Court vacated its August 17, 2006 opinion and the Judgment and issued another opinion addressing the parties' cross-motions for summary judgment. This time, as before, it denied Defendants' motion. As to Plaintiffs' motion for summary judgment and permanent injunction, however, the opinion was changed. Plaintiffs' motion was granted as to liability but the Court reserved its ruling on issues as to remedies; i.e., implementation of the permanent injunction and damages. (9/13/06 Order, Docket No. 91.) The parties believed this would allow Defendants to forego an immediate appeal and allow the Court to retain jurisdiction over the disputed remedies issues.

Defendants subsequently concluded that to protect their right to appeal they had to file a notice of appeal within 30 days of the vacated August 17, 2006 order and Judgment.

---

[2]The remedies stipulation reads in part:

> If the plaintiffs prevail on their claims for lifetime health benefits under LMRA Section 301 or ERISA, *the class members shall be entitled: . . . (3) to reimbursement of any expense incurred by each class member* (such as costs incurred by a class member due to cancellation of dental, optical or hearing coverages, if applicable; increased co-pays, deductibles, or other out-of-pocket expenses; and premiums for replacement coverage, etc.) *to "make whole" class members, subject to any procedure for making such individual expense claims that may be stipulated to by the parties or directed by the Court*; . . . .

(Docket 69, Stip. ¶ 2 (emphasis added).)

3

Their notice of appeal was filed on September 18, 2006 [92]. Defendants appeal the vacated August 17, 2006 order and Judgment and the September 13, 2006 Order.

## II. Analysis

This matter is now before the Court on Defendants motion arguing that, once they filed their notice of appeal, this Court was divested of its jurisdiction over this matter, and thus this matter must be stayed pending resolution of their appeal. Plaintiffs respond that, although a notice of appeal divests the district court of jurisdiction over matters being appealed, the district court retains jurisdiction to enforce its orders and that is all it is asking the Court to do here. Specifically, Plaintiffs argue, this Court retains jurisdiction to enforce its orders and the permanent injunction obligating Defendants to reinstate and resume paying the full cost of Plaintiffs' health care benefits and to make Plaintiffs whole by reimbursing expenses incurred as a result of Defendants' reduction or cancellation of such benefits. Plaintiffs further argue that the Court should not exercise its discretion and stay enforcement of the permanent injunction pending Defendants' appeal.

The Court begins its analysis by considering Defendants' argument that this Court lacks jurisdiction to consider the remedy issues left open in its September 13, 2006 order.

### A. What Is the Effect of Defendants' Filing of a Notice of Appeal

Defendants argue that, because the Court's vacated August 17, 2006 and revised September 13, 2006 orders are substantively the same, they constitute a single, final order that was timely appealed and thus divests this Court of jurisdiction to consider the remaining remedy issues. Specifically, Defendants argue that, under prevailing case law, if they waited to appeal until after this Court decided the remaining remedy issues and issued a final Judgment in this matter, their right to appeal the August 17 and September

4

13, 2006 orders would be considered waived because this "second" Judgment would be identical to the vacated Judgment with regard to all questions of substantive rights. This Court begins by examining the case law Defendants rely upon.

The Sixth Circuit has observed that *Federal Trade Commission v. Minneapolis-Honeywell Regulator Co.*, 344 U.S. 206 (1952), is the leading case "relating to a district court's modification of orders, and the resulting effect on the time for appeal." *Cuyahoga Valley Railway Co. v. Tracy*, 6 F.3d 389, 394 (6th Cir. 1993). In that case, the Supreme Court adopted a practical test for resolving such issues:

> [T]he mere fact that a judgment previously entered has been reentered or revised in an immaterial way does not toll the time within which review must be sought. Only when the lower court changes matters of substance or resolves a genuine ambiguity, in a judgment previously rendered should the period within which an appeal must be taken or a petition for certiorari filed begin to run anew. The test is a practical one. The question is whether the lower court, in its second order, has disturbed or revised legal rights and obligations which, by its prior judgment, had been plainly and properly settled with finality.

*Federal Trade Commission v. Minneapolis-Honeywell Regular Co.*, 344 U.S. at 211-212. The Sixth Circuit adopted and refined this test in *Cuyahoga*, 6 F.3d at 394-95.

In *Cuyahoga*, the Sixth Circuit rejected the defendant's argument that, if "a second order substantively changes a first order, the time for appeal should begin to run anew as to all aspects of that first order." *Id.* at 394. Favoring a doctrine that did not disturb the district court's ruling, the Sixth Circuit held that the defendant "had an obligation to timely object to that aspect of the district court's award" raised in its appeal because "had the district court not otherwise modified the order, the [defendant] would have foregone its right to argue this point." *Id.* at 395. Because the district court's modification of its earlier order "was wholly independent of the issue the [defendant was] disputing" on appeal, the

5

*Cuyahoga* Court refused to "alter the state of repose." *Id.* It concluded that "[t]he relevant case law in no way suggests that once one issue has been modified, all of the issues from the original order are fair game for appeal." *Id.* at 395-96. *Accord, United States v. Aiken*, 13 F. App'x 348, 351-52 (6th Cir. 2001) (holding that the defendant's notice of appeal from a judgment that was amended to change the date the defendant was to report to prison failed to preserve an appeal of the district court's denial of his motion to suppress).

In light of the existing case law, Defendants were justified in filing their Notice of Appeal when they did. This, however, does not end the Court's analysis of Defendants' request for a stay.

Plaintiffs do not dispute that Defendants' notice of appeal was timely filed or that, as a general rule, "a district court no longer has jurisdiction over an action as soon as a party files a notice of appeal . . . ." *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir. 1993). They do, however, argue that the district court retains jurisdiction to enforce a judgment "so long as the judgment has not been stayed or superseded." *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 588 (6th Cir. 1987) (internal quotes and citation omitted). Accordingly, the Court now addresses whether this Court retains jurisdiction to consider the two remedy issues that remain in dispute.

### B. Does Consideration of the Disputed Remedy Issues Concern Enforcement or Expansion of the Permanent Injunction

In *Cincinnati Bronze*, the Sixth Circuit observed that, "although a district court may not expand upon an order after the notice of appeal has been filed, it may take action to enforce its order in the absence of a stay pending appeal." *Id.* (citing *Island Creek Coal Sales Co. v. City of Gainsville*, 764 F.2d 437, 440 (6th Cir. 1985)). Plaintiffs argue here that

the remedy issues left open in the September 13, 2006 order concern only enforcement (as opposed to expansion) of the permanent injunction granted that date and are thus matters over which this Court retains jurisdiction. This Court agrees.

Defendants concede that the issues to be decided concern enforcement:

> [T]he issues to be decided – how to calculate the retirees' out-of-pocket expenses and how much to reimburse the retirees for their Medicare Part B premiums – are merely details of the implementation of the permanent injunction. The resolution of these details will not change the Court's finding of liability or its entry of a permanent injunction. . . . [T]he injunction already requires Defendants to reimburse the retirees' out-of-pocket expenses and to pay at least a portion of the Medicare Part B premium.

(Defs.' Mot. at 4-5.) Defendants' conflicting arguments in their Reply serve only to undermine their argument that an appeal is not premature here because any subsequent Judgment entered by this Court (after resolving the two issues in dispute) will not alter the legal rights or obligations of the parties. Defendants cannot have it both ways.

The Court now addresses the final issue – whether a discretionary stay pending Defendants' appeal is appropriate.

### C. Should a Discretionary Stay be Issued

A district court has discretion to "suspend [or] modify . . . an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party." Fed. R. Civ. P. 62(c). Plaintiffs argue that no such stay should be issued while Defendants appeal is pending. Defendants do not respond to this argument, relying instead on their argument that their notice of appeal divested this Court of jurisdiction over this matter.

When deciding whether to issue a stay, the Court considers the same factors as it did when deciding whether to issue a preliminary injunction:

> (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants a stay; and (4) the public interest in granting the stay.

*Coalition to Defend Affirmative Action v. Granholm*, 473 F.3d 237, 244 (6th Cir. 2006) (internal quotes and citation omitted). "All four factors are not prerequisites but are interconnected considerations that must be balanced together." *Id.*

Defendants are not likely to prevail on the merits of their appeal in light of the unambiguous contract language and the extensive evidence discussed in this Court's orders granting both the preliminary and permanent injunction. Moreover, there is no showing that the public interest will be harmed by either granting or denying a stay. The Court thus balances the harms to Plaintiffs and Defendants.

It undisputed that Defendants have been in substantial compliance with the Court's orders and permanent injunction. They appear to have restored and maintained promised health care benefits for the most part. The two principal exceptions concern the amount of Defendants' Medicare Part B premium reimbursements and the failure to agree to a procedure for determining how and when to process the "make whole" reimbursements owed to Plaintiffs.

Plaintiffs argue that, without discovery they cannot know for certain, but have reason to believe that Defendants are currently paying only half the Medicare Part B premium payments of the Plaintiff class. This, Plaintiffs claim, creates a significant, continuing, and unwarranted burden on a substantial number of class members who are over age 65. Plaintiffs also argue that Defendants' delay in adopting a procedure for reimbursing Plaintiff class members for out-of-pocket expenses incurred as a result of Defendants' reduction

and/or cancellation of their health care benefits causes them serious economic harm. Moreover, if a stay is granted, additional harm will result because any delay in adopting such a procedure greatly diminishes the ability of aging class members to apply for and obtain the reimbursements this Court has held they are entitled to receive.

Plaintiffs persuasively argue that these exceptions have a significant adverse impact on the Plaintiff class members. Defendants, on the other hand, make no argument that they will be irreparably harmed if a stay is not granted. Thus, a balancing of the harms, does not favor the issuance of a stay pending appeal. Accordingly, because three out of four of the factors considered do not favor the grant of a stay, this Court declines to do so.

### III. Conclusion

For the above-stated reasons, the Court DENIES Defendants' motion for a stay of proceedings pending their appeal.


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: April 17, 2007

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 17, 2007, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager

9